UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDRES LENGUA,

    Plaintiff,

v.                                                      Case No:   6:15-cv-00057-Orl-22TBS

UNO RESTAURANTS, LLC,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Compel (Doc. 23).   Defendant's motion seeks to compel responses to interrogatories and document requests propounded to Plaintiff, and leave to re-depose Plaintiff concerning his alleged damages and the identities of police informants.   Plaintiff originally responded to most of the interrogatories by asserting vague objections and referencing other documents.   Plaintiff objected to providing financial information on the basis that it was privileged, and he frequently objected to document requests on the basis that Defendant was seeking documents "prepared in anticipation of litigation and are work product" or that are "attorney work product."   (Doc. 23, p. 10).   Plaintiff, who is proceeding without the assistance of counsel, did not file a response to Defendant's Motion to Compel.   Because Plaintiff did not respond to the motion, the Court construes it as being unopposed.   Defendant's motion is therefore **GRANTED in part**.

Plaintiff is **ORDRED** to supplement his responses to Interrogatories 3, 4, 6, 9, 10, 11, 12, 14, and 17 and Requests for Production 3, 4, 8, 11, 18, 22, 23, 34, 45, 46, 49, 55, 73, and 75 within fourteen (14) days from the date of this Order.   And, Defendant may

have until November 24, 2015 to re-depose Plaintiff concerning his alleged damages and the identities of police informants.

Plaintiff is advised that his tax returns and W-2s are relevant to the issue of damages and are not privileged.  Plaintiff can include information in his answers that he alleged in the complaint, but his supplemental answers to the interrogatories should be "in writing under oath," FED. R. CIV. P. 33(b)(3), and not merely references to information in other documents.  Plaintiff is further advised that any claim to attorney-client privilege or work-product privilege must be supported by more than conclusory statements that the privileges apply.  See Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 698 (S.D. Fla. 2007).

To the extent Plaintiff is seeking damages for emotional distress, some of his medical records may be relevant to that inquiry.  But, considering the allegations in the complaint, (Doc. 1, ¶¶ 33, 49), and Plaintiff's representation that he "has not sought medical/mental treatment as a result of Defendant['s] action, (Doc. 23, p. 7), the Court agrees with Plaintiff that Interrogatory No. 15 and Document Request No. 51 are overbroad or seek irrelevant information.  These requests seek all medical information and documents concerning Plaintiff's medical treatment from any physician, psychiatrist, psychologist, counselor, therapist, licensed social worker, and nurse over the past 10 years and authorizations for Defendant to obtain medical records from each provider. Defendant's request to compel further response to Interrogatory No. 15 and Document Request No. 51 is therefore **DENIED**.  However, Defendant may depose Plaintiff regarding his damage calculations, including his damages for emotional distress, and any medical treatment that he has received as a result of Defendant's actions.  Plaintiff is advised that he is required to supplement or correct his discovery responses "in a timely

manner if [he] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
  Counsel of Record
  Unrepresented Parties